C. L. HUTCHINS *vs.* ANDREW LEWIS.

Androscoggin.    Opinion February 26, 1908.

*Written Contracts.    Construction.    Real Estate Brokers.    Commissions.*

All written contracts are to be read in the light of surrounding circumstances. The relations of the parties and the subject matter are always to be taken into consideration.

In the case at bar, the defendant placed real estate in the plaintiff's hands in July 1905, for sale under a written contract in which he agreed to pay the plaintiff who was a real estate broker " a commission of one hundred dollars in case of sale." *Held:* That this did not limit the broker to a commission only in case of actual sale by himself, that it was not necessary that he should complete the entire negotiations, but if he had placed a purchaser in communication with the owner and subsequent negotiations resulted in a sale by the owner, then the broker was entitled to recover.

On exceptions by defendant.    Overruled.

Assumpsit by plaintiff, a real estate broker doing business as C. L. Hutchins Real Estate Company, to recover a commission of $100 for sale of defendant's real estate under a written contract. Tried at the September term, 1906, Supreme Judicial Court, Androscoggin County.    Verdict for plaintiff for $103.27.    The defendant excepted to certain rulings made by the presiding Justice during the trial.

The case appears in the opinion.

*Newell & Skelton*, for plaintiff.

*Oakes, Pulsifer & Ludden and John Merriman*, for defendant.

SITTING:    EMERY, C. J., WHITEHOUSE, STROUT, CORNISH, KING, JJ.

CORNISH, J.    The single question is the construction of a contract of which the following is the important part:

"C. L. Hutchins Real Estate Co.

Gentlemen :

I hereby place the property, of which the above is a descrip-
tion, in your hands for sale and agree to pay you a commission of
one hundred dollars in case of sale.

his

Andrew x Lewis

cross."

The defendant's interpretation of this contract is that it compelled
payment of commission only in case of sale by the broker himself.
The exceptions show that the property was placed in the plaintiff's
charge in July 1905, the price to be $1000 ; that it was never with-
drawn : that the plaintiff endeavored to sell the property to the
International Paper Company for that sum but received an offer of
only $600, which he communicated to the defendant who refused it ;
that a few months later the same company, through its own attorney,
closed the trade with the defendant personally for $900 and paid
him that sum ; and the plaintiff took no part in the final trans-
action.

If the defendant's interpretation is correct, this action fails.    But
the presiding Justice construed the contract to have the ordinary
meaning of such agreements between real estate owners and brokers
and instructed the jury that it was not necessary for the plaintiff to
complete the entire negotiations himself, but if he had placed a
purchaser in communication with the owner and subsequent negotia-
tions resulted in a sale by the owner at any price, then he would be
entitled to recover in the same manner as if he had himself partici-
pated in all the negotiations.

We think the construction put upon the contract by the court
was correct.    All written contracts are to be read in the light of
surrounding circumstances.    *Snow* v. *Pressey*, 85 Maine, 408.
The relations of the parties and the subject matter are always to be
taken into consideration.    So read, this contract does not admit of
the narrow construction claimed by the defendant.    The defendant
agreed to pay a commission of one hundred dollars "in case of sale,"
not necessarily a sale completed personally by the plaintiff, but a

sale negotiated by the plaintiff as a broker or brought about by such services on his part as a broker would be expected to render under like circumstances. This is the reasonable and natural interpretation of the contract and such as must have been in the contemplation of both parties when it was made. In fact the defendant seemed to have retained the same idea at the time of the final sale because he then asked the attorney of the purchaser as to his liability to the plaintiff for commissions.

The instructions to the jury as to the grounds of the plaintiff's recovery were in accordance with the settled law of this State. *Garcelon* v. *Tibbetts*, 84 Maine, 148 ; *Hartford* v. *McGillicuddy*, 103 Maine, 224.

*Exceptions overruled.*